UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JEANNE S. DILORETO | : | |
| | : | |
|     Putative Debtor. | : | |
| --------------------- | : | |
| ERIC R. DI NALLO, Superintendent of Insurance for the State of New York, in his capacity as Liquidator of Nassau Insurance Company, | : | Civil Action No.: 08-4491 |
| | : | |
|     Appellant. | : | |
| --------------------- | : | |
| JEANNE S. DILORETO, | : | |
| | : | |
|     Cross-Appellant. | : | |

**Goldberg, J.**      November 22, 2010

**<u>MEMORANDUM OPINION</u>**

    This case involves cross appeals pursuant to 28 U.S.C. § 158 filed by Eric R. DiNallo, Superintendent of Insurance for the State of New York, who was acting as Liquidator of Nassau Insurance Company, and Jeanne S. Diloreto. The issues before us are whether the Bankruptcy Court committed an error of law, engaged in clear error in applying the facts or abused its discretion in awarding attorney's fees and costs to Diloreto.

    The procedural history of this case is unending and involves litigation between the parties dating back to 1985. The gist of the underlying dispute pertains to efforts by the Liquidator to

1

recover reinsurance funds from Diloreto. While numerous proceedings have occurred in state and federal trial and bankruptcy courts, the issues before us are narrow and involve claims for attorney's fees and costs against the Liquidator pursuant to 11 U.S.C. § 303(i)(1) and claims of bad faith under § 303(i)(2).

On June 19, 2008, after a two-day hearing, the Honorable Bruce I. Fox, United States Bankruptcy Judge for the Eastern District of Pennsylvania, issued an opinion and accompanying order, awarding attorney's fees in favor of Diloreto and against the Liquidator in an amount of $63,150.00. Judge Fox also awarded costs in the amount of $6,859.44. Diloreto's request for damages for bad faith under section 303(i)(2) was denied. In re Diloreto, 388 B.R. 637 (Bankr. E.D. Pa. 2008).

Thereafter, both parties filed motions alleging a variety of errors. On August 11, 2008, Judge Fox issued a "Statement of Reasons in Support of Order" wherein he adjusted the award of attorney's fees[1] and allowed Diloreto the opportunity to submit further evidence in support of her position that she be awarded more than $100,000 in fees and expenses solely for litigating the section 303(i) motion. On October 6, 2008, Judge Fox issued a " Second Amended Order" against the Liquidator for $82,150.00 in legal fees and $8,8770.30 in costs.

Apparently ignoring Judge Fox's continued admonition that "a request for attorney's fees should not result in a second major litigation," see, Hensley v. Eckerhart, 461 U.S. 424, 437 (1983),

---

[1] Specifically, Judge Fox amended his June 19, 2008 order so that $11,450.00 of the fees awarded against the Liquidator would be paid to "the entity" that paid Diloreto's bankruptcy counsel for their work in a related state court action. (Reasons in Support of Order, p. 5.)

cross appeals were filed with this Court on September 15, 2008.[2]

We have jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction over appeals from final judgments and orders of the bankruptcy court. We review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof. In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). A bankruptcy court's "findings of fact are clearly erroneous when, after reviewing the record, the appellate court 'is left with the definite and firm conviction that a mistake has been committed.'" In re Piccoli, 2007 WL 2822001 * 3 (E.D.Pa. Sept. 27, 2007) (citing Anderson v. Bessemer City, 105 S.Ct. 1504, 1511 (1985)). Under this standard, "[i]t is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." Id. (citing DiFederico v. Rolm Co., 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted)).

At the outset, we remind the parties that despite their decades of litigation, the issue before this Court is narrow, involves a great deal of deference to the Bankruptcy Court, and concerns only the application of § 303(i), an attorney's fee**s** statute. The plain language of this statute affords the Bankruptcy Court very broad discretion and states that the Court "*may* grant judgement" for "*reasonable* attorney's fees" where there has been a dismissal of an involuntary Chapter 7

---

[2] Diloreto filed a Certificate of Appeal from Bankruptcy Judge Bruce I. Fox's June 19, 2008 Amended Order on September 15, 2008. (2:08-cv-04491-MSG, doc. no. 1.) DiNallo filed a Certificate of Appeal from Judge Fox's June 19, 2008 Order on the same day. (2:08-cv-04492-MSG, doc. no. 1.) Diloreto filed a subsequent Certificate of Appeal on November 17, 2008 appealing Judge Fox's October 6, 2008 "Statement of Reasons in Support of Order." (2:08-cv-05430-MSG, doc. no. 1.) The three cases were consolidated on January 1, 2009 under Civil Action Number 2:08-cv-04491, at doc. no. 10.

bankruptcy petition. § 303(i)(1) (emphasis added). As Judge Fox aptly noted, "the use of the word 'may' renders any award under section 303(i) discretionary." 388 B.R. at 644.

Against this statutory backdrop, we have throughly reviewed the following submissions: "Brief on Behalf of Cross-Appellant, Jeanne S. Diloreto" (68 pages); "Brief of Appellant, Eric R. Di Nallo, Superintendent of Insurance For the State of New York, In His Capacity As Liquidator of Nassau Insurance Company;" "Cross-Appellant's Citation of Additional authority" (Jan. 6, 2010); "Cross-Appellant's Second Citation of Additional Authority" (Sept. 2, 2010). We have also carefully considered Judge Fox's opinion, where he meticulously addressed each possible basis for recovery advanced by Diloreto, including bad faith, and the Liquidator's response in opposition. We have also reviewed Judge Fox's Statements of Reasons in Support of the Order and subsequent Amended Order.

After examination of the totality of the circumstances, and in particular noting that the Liquidator had a $20 million judgment claim against Diloreto, Judge Fox concluded that Diloreto was not entitled to relief for bad faith pursuant to § 303(i)(2). In re Diloreto, 388 B.R. at 649-51.

In awarding attorney's fees under § 303(i)(1), Judge Fox, again considering the totality of the circumstances, chose to exercise his discretion and award reasonable attorney's fees. This decision was primarily based upon the Liquidator's decision to not prosecute the involuntary petition, questionable compliance with § 303 (b) and (h), and "limited investigation." Id. at 652. Judge Fox arrived at the specific monetary award after:

- Review of Diloreto's bankruptcy counsel's billing rates and experience level;

- Exploration and consideration of requested attorney's fees for work undertaken by counsel that was both successful (e.g., dismissal of the

> petition for lack of proper service) and unsuccessful (e.g., motion for recusal); and
>
> - Considering and rejecting Diloreto's request for fees incurred for tax advice stemming from a related legal malpractice case.

In re Diloreto, 388 B.R. at 653-55.

Our review has revealed no facts found by Judge Fox that in any way reflect an abuse of his discretion. Nor do his findings even remotely leave us with the "definite and firm conviction that a mistake was committed." We also conclude that Judge Fox has not improperly applied the law. Put another, simpler way, we conclude that Judge Fox got it right, and we see no need to regurgitate his thorough and careful analysis.

Lastly, at oral argument, DiNallo stressed that if this Court agrees with Judge Fox that Diloreto is entitled to an award of attorney's fees and costs under 303(i)(1), Judge Fox nonetheless erred in denying his request that the award be offset by the $20 million judgement claim DiNallo holds against Diloreto. In denying this request, Judge Fox relied on the reasoning of the Bankruptcy Panel for the Ninth Circuit in In re Macke International Trade, Inc., 370 B.R. 236, 255 (9th B.A.P. 2007). There, the Court, following with the public policy reasoning set forth in In re Schiliro, 72 B.R. 147 (Bankr. E.D.Pa. 1987), held that a setoff was impermissible in that it would remove any disincentive for a creditor to resort to involuntary bankruptcy. Id. Judge Fox agreed with this rationale, finding that the purpose of 303(i) is to ameliorate the negative effects that involuntary petitions can have upon the interests of a putative debtor by imposing liability upon the unsuccessful petitioning creditor. He found that "the allowance of a setoff right would severely weaken that statutory provision." In re Diloreto, 388 B.R. at 655.

DiNallo argues that Judge Fox should have instead followed the reasoning of the court in In

re Better Case, 97 B.R. 405, 415 (Bankr. N.D. Ill. 1989). The Bankruptcy Court there disagreed with the Schiliro court, and found the fees and costs under 303(i) were purely compensatory in nature and therefore "akin to any other such item of damages." Thus, that Court found that a setoff should be available for attorney's fees in the same way that they are for other 303(i) items of damages. Id.[3]

Comparing the varying approaches, we agree with Judge Fox and the Macke court that "[i]f a setoff were allowed, there would be little downside to a creditor's resort to an involuntary bankruptcy petition against a debtor, even if its conduct did not rise to the level of 'bad faith,'" and that the allowance of a setoff right would severely weaken the purpose of 303(i). We therefore reject the argument that the Bankruptcy Court committed legal error when it denied the request for a setoff.

Accordingly, we will affirm Judge Fox's October 6, 2008 "Second Amended Order." Our Order follows.

---

[3] DiNallo also cites to In re Apache Trading Group, Inc., 229 B.R. 887, 890 (Bankr. S.D.Fla.1999) to support his argument. In that case, the court found a setoff was appropriate where the petitioning creditor did not act in bad faith and not allowing a setoff would result in a futile exercise of the petitioner converting his liquidated claim to judgment and then proceeding to collect from the alleged debtor. Id.